## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**LONDRÉ TYWON KINSEY**                                **CIVIL ACTION**

**versus**                                                      **NO. 08-1266**

**WARDEN, CALDWELL**                                  **SECTION: "F" (3)**
**CORRECTIONAL CENTER**

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, Londré Tywon Kinsey, is a state prisoner incarcerated at the Caldwell Correctional Center, Grayson, Louisiana.  On or about November 18, 2002, he pleaded guilty to three counts of distribution of cocaine within one thousand feet of a school in violation of Louisiana law.  He was sentenced to a term of ten years imprisonment; however, a portion of that sentence was suspended, and he was released on probation.[2]

On August 28, 2007, the state district court revoked petitioner's probation and imposed the original ten-year sentence.[3]  Petitioner thereafter filed with the state district court a "Motion to Vacate and Set Aside Revocation of Probation and to Modify the Terms and Conditions of Probation," a "Motion to Amend, Reduce or Modify Sentence," and a "Motion to Correct Illegal Sentence," all of which were denied.[4]

On February 19, 2008, petitioner filed this application for federal *habeas corpus* relief.[5]  In support of his application, petitioner claims that the sentence imposed upon the revocation of his probation was illegal.

The state has filed a motion to dismiss on the ground that petitioner failed to exhaust his state court remedies.[6]  The Court notified petitioner that the motion would be construed as a

---

[2] The original records relating to these convictions have not been submitted to this Court; however, the parties are in agreement on these facts.

[3] State Rec., Vol. I of I, transcript of August 28, 2007.

[4] State Rec., Vol. I of I.

[5] Rec. Doc. 1.

[6] Rec. Doc. 8.

motion for summary judgment and ordered him to file a memorandum in opposition to that motion on or before July 2, 2008.[7]  Petitioner has filed no such memorandum.[8]

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner must normally first exhaust his remedies in state court before seeking *habeas corpus* relief from the federal courts.  "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts."  Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted).  Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's *highest court* in a procedurally proper manner according to state court rules.  Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

The state contends that petitioner has not sought review of his claim by the state's highest court, the Louisiana Supreme Court.  This Court has confirmed that fact.  On July 10, 2008, a staff member of this Court was advised by an employee of the Louisiana Supreme Court that petitioner has filed no applications whatsoever in that court.  By failing to present his instant claim to the Louisiana Supreme Court, petitioner has failed to exhaust his remedies in state court as required by 28 U.S.C. § 2254(b)(1)(A).  Therefore, respondent's motion should be granted, and petitioner's federal petition should be dismissed without prejudice.

---

[7] Rec. Doc. 10.

[8] Instead, petitioner filed a notice stating that he cannot afford an attorney to file submit such a memorandum on his behalf.  Rec. Doc. 11.  However, petitioner is appearing in this proceeding *pro se*, and no attorney is required for the preparation and filing of the memorandum.  Further, in his statement, petitioner does not contest the state's contention that he failed to exhaust his state court remedies; rather, he simply reiterates his argument that his sentence is illegal.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that respondent's motion for summary judgment be **GRANTED** and that the petition of **Londré Tywon Kinsey** for federal *habeas corpus* relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this fifteenth day of July, 2008.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**